

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENTLEY HATCHETT,<br><br>Defendant. | Case No. 2:19-MJ-03809<br><br>ORDER OF DETENTION |

I.

On September 11, 2019, Defendant Bentley Hatchett ("Defendant") made his initial appearance in this district on the Indictment filed in the United States District Court for the Southern District of New York, Case No. 2:19-MJ-03809. The Court appointed Deputy Federal Public Defender ("DFPD") Carel Ale to represent Defendant.

Upon an unopposed request by Defendant, the Court continued the detention hearing to September 13, 2019.

On September 13, 2019, the Court conducted a detention hearing based on a motion by the Government pursuant to 18 U.S.C. § 3142(e) in a case alleging that

there is no condition or combination of conditions that reasonably will assure a serious risk that the Defendant will flee. Defendant was represented by previously-appointed Carel Ale.

The Court finds that the Government is entitled to a rebuttable presumption that no condition or combination of conditions reasonably will assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)].

II.

The Court concludes that the Defendant has not introduced evidence sufficient to rebut the presumption and detention is ordered on that basis. The Court finds that no condition or combination of conditions will reasonably assure:

☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- Nature of the instant allegations;
- No ties to the Central District of California;
- Offered bail resource is not viable given the lack of contact and relationship with the Defendant;
- Substance use and no interest in rehabilitation treatment;
- Evidence of having evaded law enforcement for multiple years with knowledge of indictment;
- Unknown employment.

As to danger to the community:

- Nature of the instant allegations;
- Substance use and no interest in rehabilitation treatment;
- Criminal history.

III.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g).] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

V.

IT IS THEREFORE ORDERED that Defendant be detained until trial. The defendant is remanded to the custody of the U.S. Marshal for forthwith removal to the Southern District of New York. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i).]

Dated: September 13, 2019    \_\_\_\_/s/_____
HON. MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE